IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DURON JACOBY JAMES,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  24-1099 |
| | : | |
| **NATASHA HICKS,** *et al.*, | : | |
| Defendants. | : | |

<u>MEMORANDUM</u>

**MURPHY, J.**                                                                                                          May 1, 2024

Plaintiff Duron Jacoby James brings this *pro se* civil action seemingly alleging infringement violations of the Copyright Act and the Fair Credit Reporting Act with respect to his name and private information.  (Compl. (DI 2).)  Mr. James also seeks leave to proceed *in forma pauperis*.  DI 1.  For the following reasons, the Courtwe will grant Mr. James *in forma pauperis* status and dismiss the cComplaint for failure to state a claim pursuant to 28 U.S.C. § § 1915(e)(2)(B)(ii).  Mr. James will be given an opportunity to file an amended complaint.

**I.       FACTUAL ALLEGATIONS**

Mr. James's complaint consists of a standard form complaint that is mostly blank (*see* DI 2 at at 1-6), with three typewritten pages (*see id.* at 7-9), and several attached exhibits (*see id.* at 10-20.).[1]  The complaint names the following Defendants:  Natasha Hicks (identified in the complaint as the mother of Mr. James's daughter), TransUnion, Equifax, and Experian.  *Id.* at 2-3, 7.

---

[1] We adopt the sequential pagination assigned to the complaint by the CM/ECF docketing system.

Mr. James asserts that he is "the NAMEHOLDER of assumed name DURON JACOBY JAMES" and seeks "clarity to a subject matter involving infringement." *Id.* at 7.  Specifically, with respect to his claims against Ms. Hicks, Mr. James alleges that she provided his private information to the "Family Court of Philadelphia" who then "reproduced and publicly displayed [his] copyrighted information without [his] expressed consent." *Id.*  He asserts that the "misuse of [his] private information" caused him to be taken into custody and held by the family court on March 7, 2024.  *Id.*  He also avers that he was "purged for 750$ [sic]" outside the presence of a jury and without due process of law.[2]  *Id.*  Mr. James contends that Ms. Hicks infringed upon his rights, and he is suing her for copyright infringement and "misuse of copyrighted information for financial gain." *Id.*

Mr. James also asserts claims against consumer reporting agencies TransUnion, Equifax, and Experian for "misuse of [his] private information." *Id.* at 8.  Mr. James avers that these agencies reported information on his consumer report without his written instruction, and he appears to raise claims against them pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, by replicating the language of certain FCRA provisions.  *Id.* at 8-9.  Specifically, Mr. James cites 15 U.S.C. § 1681 (which includes Congressional findings and statement of purpose); 15 U.S.C. § 1681s-2(a)(1)-(4) (pertaining to the duty of furnishers of information to provide accurate information); and 15 U.S.C. § 1666b(a) (pertaining to timing of payments of credit card accounts).  *Id.*

---

[2] Attached to his Complaint is a copy of a March 7, 2024 Order issued by the Honorable Betsy Wahl finding Mr. James in civil contempt for failing to comply with a child support order. DI 2 at 16.  Mr. James was sentenced to thirty days incarceration but could purge himself upon the payment of $750.  *Id.*  It appears that Mr. James made the payment on March 7, 2024.  *Id.* at 20.

Mr. James alleges that FCRA provides a right to privacy and that all the information reported on his consumer report was unauthorized. *Id.* at 9. Specifically, he asserts that closed accounts and late payments are still listed on his consumer report.[3] *Id.* at 8. He also alleges that the child support information that appears on his consumer report "was totally unauthorized and did not come from a financial transaction and it is not considered a loan." *Id.* at 9. Because of this alleged "nonconsensual activity" that appears on his consumer report, Mr. James asserts claims of infringement, and he seeks damages because he "can't get a loan to get on [his] feet." *Id.*

Attached to Mr. James's complaint is a printout from COPYRIGHTDEPOT.com that shows a copyright number of 00086731-1 for the title of "Duron Jacoby James." *Id.* at 10. The printout description also notes as follows: "I do not consent to any use of this copyrighted name without my written and signed expressed permission; any alteration still qualifies as a nonconsensual use of said name and will be punishable by law[.]" *Id.* Other documents attached to the complaint indicate that an entity by the assumed name of "DURON JACOBY JAMES" was registered with the "Office of the Minnesota Secretary of State" on January 27, 2024. *Id.* at 11-13.

## II.     STANDARD OF REVIEW

We will grant Mr. James leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § § 1915(e)(2)(B)(ii) requires a court to dismiss the complaint if it fails to state a claim. Whether

---

[3] Mr. James attaches a one-page document to his complaint that appears to be phone screen printout of closed accounts. DI 2 at 14.) There is nothing on the printout that indicates it was generated from any of the three consumer reporting agencies named as Ddefendants in this case.

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires a court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mr. James is proceeding pro se, the court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

A complaint also may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019); *see also Ruther v. State Kentucky Officers*, 556 F. App' x 91, 92 (3d Cir. 2014) (*per curiam*) ("A district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8."). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). In determining whether a pleading meets Rule 8's "plain" statement requirement, a court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). The important consideration for a court is whether "a

4

pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94.

## III.   DISCUSSION

We understand Mr. James to assert copyright infringement claims as well as claims under FCRA for "misuse of [his] private information."  DI 2 at 7-9.  As set forth below, Mr. James fails to state a plausible claim against any of the named defendants.

### A.   Copyright Infringement Claims

Alleging that he is "the NAMEHOLDER of assumed name DURON JACOBY JAMES," Mr. James avers that Hicks provided his private information[4] to the "Family Court of Philadelphia" who in turn "reproduced and publicly displayed [his] copyrighted information without [his] expressed consent," thereby resulting in copyright infringement.[5]  DI 2 at 7.  As noted above, Mr. James attaches documents to his complaint purporting to show that he has obtained a copyright for the title of "Duron Jacoby James" from an internet provider and that he has registered an entity by the name of "DURON JACOBY JAMES" with the Minnesota Secretary of State.  *Id.* at 10-13.

To state a claim for copyright infringement under federal law, a plaintiff must allege: "(1) ownership of a valid copyright; and (2) unauthorized copies of original elements of the plaintiff's work."  *Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*, 307 F.3d 197,

---

[4] Mr. James does not specifically identify what private information was allegedly provided.

[5] The Family Court of Philadelphia is not named as a Defendant in this case.  In fact, Mr. James avers that he "tried to sue Family Court before but [he] lost because Family court seems to be immune from federal law."  DI 2 at 8.  He asserts that "[i]f Family Court can't be held accountable for fraudulent behavior then Natasha Hicks should be accountable for giving Family Court [his] private information without expressed consent."  *Id.*

206 (3d Cir. 2002).⁶  Although Mr. James represents that he has a copyright with respect to his name, an individual's name or signature is not an "original work of authorship" subject to copyright.  *See generally* 17 U.S.C. § 102 (setting forth statutory criteria for subject matter that may be copyrighted); *see also* 37 C.F.R. § 202.1(a) (listing examples of "works not subject to copyright" as "[w]ords and short phrases such as names, titles, and slogans"); *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1004 (9th Cir. 2001) ("A person's name or likeness is not a work of authorship within the meaning of 17 U.S.C. § 102."); *Peters v. West*, 692 F.3d 629, 636 (7th Cir. 2012) (affirming dismissal of copyright infringement claim and stating that "the name alone cannot constitute protectable expression"); *Symonette v. United States*, No. 23-1930, 2023 WL 7530678, at *2 (Fed. Cl. 2023) (noting that "it is not possible, as a matter of law, to possess copyright ownership over one's name).  Accordingly, Mr. James has not stated a copyright claim based on the use of his name.

## B. Fair Credit Reporting Act Claims

Mr. James also asserts claims against consumer reporting agencies TransUnion, Equifax, and Experian for "misuse of [his] private information," and he alleges that these agencies publicized private information without his consent.  DI 2 at 8.  According to his complaint,

---

⁶ To the extent that Mr. James intended to assert common law copyright infringement claims, those are also not plausible.  The Copyright Act preempts state common law or statutory claims that fall within the subject matter of copyright and that create rights equivalent to any of the exclusive rights created by copyright law.  *See* 17 U.S.C. § 301(a) ("[A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . and come within the subject matter of copyright . . . are governed exclusively by [the Copyright Act] . . . . [N]o person is entitled to any such right or equivalent right . . . under the common law or statutes of any State."); *see also Orson, Inc. v. Miramax Film Corp.*, 189 F.3d 377, 382 (3d Cir. 1999).

James seeks to have certain child support and delinquent account information excluded from his consumer report as "unauthorized." *Id.* at 8-9.

Putting aside whether the information at issue is private and whether it has been publicized by any of the named consumer reporting agencies, it appears that Mr. James misconstrues his rights under federal law.  FCRA does not have an "opt out" provision for consumers.  Instead, "[t]he . . . FCRA . . . was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010).  Caselaw makes it clear that the consumer information furnished to consumer reporting agencies, and reported by consumer reporting agencies, must be accurate.  Notably, Mr. James does not contest the accuracy of any information allegedly reported.  He states that closed accounts are still reporting on his credit report, but not that such reports are inaccurate.

The statute upon which Mr. James primarily cites, 15 U.S.C. § 1681s-2(a)(1)-(4), speaks to the duty of furnishers of information to provide accurate information to consumer reporting agencies.  However, Mr. James has not named a furnisher of information as a defendant in this case, nor is there a private right of action under that statute.[7]  Liberally construing his Complaint, it is possible that he seeks to assert claims alleging that TransUnion, Equifax, and Experian

---

[7] "Under the FCRA, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (internal quotations omitted).

failed to fulfill their responsibilities under § 1681e(b) or § 1681i(a) of FCRA.  Nevertheless, Mr. James has not alleged a plausible claim.

In the language of FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness."  *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).  Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  To state a claim under this section, a plaintiff must plead the following elements: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry."  *Cortez*, 617 F.3d at 708 (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy."  *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007).  In that regard, if a consumer disputes the completeness or accuracy of information contained in his file, the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."  15 U.S.C. § 1681i(a)(1)(A).  To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and

that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). Additionally, the consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

Mr. James has not alleged a plausible claim under the provisions of FCRA pertaining to consumer reporting agencies. He does not contest the accuracy of the closed account information on his consumer report, nor does he specifically identify which, if any, of the three consumer reporting agencies was responsible for the closed account information contained in the phone screen printout attached to his Complaint. DI 2 at 14. Mr. James also does not allege that he disputed the accuracy of the information included on his credit report to any of the three consumer reporting agencies. As noted above, to proceed under either § 1681e(b) or § § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate. *Bibbs*, 43 F.4th at 342-43; *Angino*, 784 F. App'x at 69. Mr. James has not identified inaccurate credit

history information, nor alleged any facts about how the information was inaccurate. *See Covington v. Equifax Info. Servs., Inc.*, No. 21-815640, 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (finding that the complaint failed to state factually how, why or in what manner any information plaintiff disputed was inaccurate); *Regina the First for Guyton v. Equifax Info. Servs., LLC*, No. 18-2534, 2018 WL 3122328, at *2 (E.D. Pa. June 26, 2018) (dismissing complaint for failure to set forth facts regarding what inaccurate information was included in credit report).

Mr. James also cannot state a claim by relying solely on exhibits. *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint. Judges are not like pigs, hunting for truffles buried in the record.") (citations and quotations omitted); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." ); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

Mr. James's complaint falls short of providing sufficient factual allegations to state a plausible claim. Indeed, as pled, the complaint fails to provide fair notice of the grounds upon which the claims against TransUnion, Experian, or Equifax rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to

plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits). For these reasons, Mr. James has failed to state a plausible claim under FCRA.

**IV.     CONCLUSION**

For the foregoing reasons, we will dismiss Mr. James's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  In an abundance of caution, Mr. James will be given leave to file an amended complaint in the event he can state a plausible basis for a claim against any of the Defendants.